East'n District.
*April*, 1823.

BUTLER
*vs.*
DE HART.

*BUTLER vs. DE HART.*

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action in which the plaintiff claims the value of five bales of cotton which he states the defendant received on freight, and failed to deliver according to his agreement contained in the bill of lading. The general issue was pleaded. There was judgment against the defendant, and he appealed. The case has been submitted without argument.

Before the trial was gone into, the counsel for the appellant moved to dismiss the suit, there being no bond filed for costs and charges, as prescribed by the 23d rule of court. The judge refused to accede to the application, and his decision was excepted to.

Nothing in the record enables us to say the judge erred. The rule of court is not sent up, and without a knowlede of it we cannot say the action ought to have been dismissed.

The defendant also moved for a continuance, and further time to make his defence. On what grounds, the bill of exceptions is entirely silent, and nothing appears in any part

It is the duty of the party excepting to put on the record so much of the testimony as is necessary to a full understanding of his bill of exceptions.

An agent is a good witness.

A change of surety may be ordered by the court, so as to enable the person first bound to testify.

The rules of the inferior court cannot be noticed unless they are sent up with the record.

of the record to inform us on what facts the motion was based. We have no means therefore of ascertaining there was error in the opinion of the court. It is the duty of the party excepting, to put on the record so much of the testimony as is necessary to a full understanding of the decision complained of. 1 *Martin's Dig.* 594. And if he fails to do so, he loses the benefit of his exception.

There is another bill of exceptions. On the trial the plaintiff offered Laidlaw as a witness. He was objected to because he was the consignee of the cotton, and security for costs. The first ground is untenable. The witness was not called on to disprove any negligence imputed to him, and his liability over, depended on various facts not involved in the trial of this cause. An agent is admissible *ex necessitate.* There is no rule better established than this. See *Phillips on Evidence, ed.* 1820, 37, 40. 5 *Johnson* 256. 1 *Johnson's cases,* 410.

Neither did the judge err in directing a change of surety so as to enable the person first bound to testify. There is no allegation that the second was insolvent, and the course pursued by the court is the common

BUTLER
*vs.*
DE HART.

one in cases of this kind.    *Phillips on Ev.* 48.
8 *Johnson* 407.

The facts proved justify the conclusion which the court have drawn from them on the merits, and it is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Maybin* for the plaintiff, *Grymes* for the defendant.